AARON M. CLEFTON, Esq.  (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Fax:   510/832-4787
info@reincleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>                    Plaintiff,<br><br>vs.<br><br>SPIRE HOSPITALITY, LLC, a<br>Delaware limited liability company;<br>and AWH BURBANK HOTEL,<br>LLC, a Delaware limited liability<br>company,<br><br>                    Defendants. | Case No.  23-4568<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
1

1    JAMES ALGER ("Plaintiff") complains of defendants SPIRE

2    HOSPITALITY, LLC, a Delaware limited liability company; and AWH

3    BURBANK HOTEL, LLC, a Delaware limited liability company ("Defendants")

4    as follows:

5                                **INTRODUCTION**

6    1.    This is a civil rights action involving the lack of disabled access to the

7    building, structure, facility, complex, property, land, development, and/or business

8    complex known as "Los Angeles Marriott Burbank Airport" at 2500 N Hollywood

9    Way, Burbank, CA 91505 ("Marriott Burbank"). Defendants repeatedly denied

10   Plaintiff, a person with a disability who uses a wheelchair or scooter for mobility,

11   access to the swimming pool/spa because their chair lifts at one of the pools are

12   inoperable and in disrepair and there is no chair lift at the second pool. They did so

13   despite Plaintiff complaining each time to resolve the issue before litigation.

14   During one of his complaints, Plaintiff was told by Burbank Marriot's manager

15   that no law requires Defendants to provide "equal access." In addition to this,

16   Plaintiff has extreme difficulty charging his vehicle at Defendants' EV parking

17   because the parking spaces are inaccessible to him. Also, although Defendants

18   have an apparently accessible check-in counter, Plaintiff has been unable to use it

19   because it is reserved for package drop-off.  Lastly, the entrance/exit door to one of

20   the pools/spas was difficult for Plaintiff to use because it was too heavy.

21   2.    Defendants' lack of accessible facilities denies "full and equal" access

22   required by Title III of the Americans with Disabilities Act of 1990 and

23   supplementary California civil rights laws. As a result, Plaintiff has been

24   continuously denied full and equal access to Marriott Burbank and has been

25   embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring

26   provision of access under the Americans with Disabilities Act of 1990 ("ADA")

27   and injunctive relief for full and equal access and statutory damages under

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
2

California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

4.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

5.     Plaintiff JAMES ALGER ("Plaintiff") is and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease, a disorder that causes damage to the peripheral nerves and atrophies muscles. A work injury caused this disease to decline rapidly. As a result of his disability, Plaintiff has severe difficulty walking, as well as difficulty with fine motor skills. Plaintiff relies on a wheelchair or scooter to ambulate outside the home and is able to drive a vehicle equipped with hand controls but requires assistance once at his destination. Plaintiff requires assistance with activities of daily living such as dressing, grooming, loading his scooter in and out of vehicle if going to a remote location, etc. With a few exceptions, plaintiff is increasingly dependent on 24-hour care, and/or assistance. He does require overnight care. Plaintiff uses a noninvasive ventilator due to weakened respiratory muscles that affect his ability to adequately and safely breathe while lying down and requires assistance in setting it up, placing it on and taking it off as well as urgent assistance in the event of a power or unit failure, or unforeseeable emergency. That assistance

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

is generally provided by family members or friends of the family. Plaintiff's level of disability is such that once he is up and dressed for the day, he can proceed home which is equipped for his disability so long as someone is there to assist as needed. Plaintiff possesses a disabled parking placard issued by the State of California and is a resident of Porter Ranch, California, about 17 miles from Marriott Burbank.

6.     Defendants are and were the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

7.     Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

8.     Defendants have discriminated against Plaintiff because Marriott Burbank's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Marriott Burbank.

9.     Marriott Burbank and its facilities, including, but not limited to, its entrances/exits, parking, interior paths of travel, transaction counters, restrooms, pool, and spa are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 *et seq.*

10.     On information and belief, Marriott Burbank and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

4

additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Marriott Burbank's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

11.    Plaintiff stays at Marriott branded hotels at least 75 nights a year and is a Titanium member of Marriott, the highest level of elite membership. Plaintiff often stays at Marriott branded hotels in the Los Angeles area because Plaintiff's wife works from home three days a week and at the office twice a week. When Plaintiff's wife is working away from home, Plaintiff still requires assistance with the operation of his noninvasive ventilator at night, getting dressed, and ready for the day, and other activities of daily living. A friend of the family often assists Plaintiff and out of convenience Plaintiff tries to get a hotel within a reasonable driving distance to their place of employment.

12.    Water exercises play a vital role in assisting plaintiff to maintain some degree of muscle function. However, Plaintiff's residential community does not have a lift for the pool or the spa. Therefore, it is crucial for Plaintiff that whenever staying at hotels, he has an opportunity to use the pool and spa for his health and enjoyment. Due to his disabilities, Plaintiff cannot safely enter and exit the pool without the use of an accessible pool lift. In Plaintiff's experience, Marriott hotels often either do not have a pool lift at all or have a pool lift that is inoperable.

13.    Plaintiff stayed at Marriott Burbank on May 1-2, 2023; May 10-11, 2023; May 18-19, 2023; and June 1-2, 2023.

14.    On May 1, 2023, Plaintiff arrived at the Marriott Burbank and parked his car to charge in the EV designated parking space. Plaintiff struggled to use the space because of various cracks and uneven pavement:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES



15.     There was also no wheelchair designated path of travel from the parking spaces to the entrance:

This exposed Plaintiff to risk of being struck by a moving vehicle.

16.     Once inside, Plaintiff made his way to the check-in counter which he had trouble using because he could not see easily what was on the counter and he could not independently use his credit card to pay at the card reader. Plaintiff noticed that all but one of the check-in counters was too high. Defendants, however, have a

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

policy of not using the lower counter for guest check-in: the lower counter was marked for package drop off and there were no paying terminals at the lowered counter.

17.    After he checked-in, Plaintiff went to his room, changed, and then made his way to the pool next to the e.d.b. restaurant. There was no wheelchair lift at this pool:



So he went back to the front desk and obtained information on how to reach the other pool. Getting to the other pool, however, was a challenge because it required Plaintiff to go from his room, down an elevator, past the pool conveniently located between the two buildings, through the main lobby in the other building, up a floor, proceed down a long hallway, and then go back down a floor via a service elevator through the hallway to the pool entrance. Once reaching the end of hallway, Plaintiff struggled with the pool entrance/exit door because it was very heavy preventing him from going in/out of this pool area with ease. Unlike at the other pool, this pool had a lift and there was also a spa with a lift. Yet neither of these lifts were operable because they did not have any batteries. They also appeared to be poorly maintained:

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24



25   18.    At 8:57 p.m., Plaintiff sent a text message to the front desk/hotel staff
26   through the Marriott app. He got an auto-response saying they would get back to
27   him. Hotel staff finally got back to him at 10:09 p.m. that they would send an

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
8

engineer to "check on the handicap pool lift." At 10:36 pm, staff told Plaintiff "that there is a [*sic*] issue with [their] lifts, the remotes to them need [*sic*] a [*sic*] new batteries for the remotes and the issue will be resolved in the morning." Plaintiff was then provided 1000 points (a value of around 10 dollars) for his troubles. The lifts were not fixed the next morning.

19.     Plaintiff returned to Marriott Burbank for another stay on May 10-11, 2023. He once again had difficulty using the EV designated parking spaces. This time it was even worse because the space next to him (which was the only one available at the time he arrived) was blocked off and without an access aisle he could not exit his car when parked in the space:



20.     Plaintiff's assistant parked the car for him. And after it was done charging, Plaintiff moved his car to the front of the facility to park it in the designated accessible parking space. He was then given a fake ticket from the security company, not a law enforcement agency, who falsely claimed that he did not have a disabled parking placard.

21.     Also, during this stay Plaintiff once again struggled to use the check-in counter for the same reasons as during his May 1-2, 2023 stay. After checking-in, Plaintiff first went to dinner and then made his way to the pool. The door leading to the pool/space was just as heavy as before and neither the pool nor the pool lift was working because there were no batteries. Plaintiff again used the Marriott app to text hotel staff. After some delay Plaintiff was told at 7:24 p.m. that management would "inform the engineers to check it out." Nothing was fixed that evening.

22.     On May 11, 2023 at 11:40 a.m., Plaintiff called Marriott Burbank's guest relations and asked to speak to the manager. Plaintiff was then put in touch with the manager, "Skyler." Plaintiff told Skyler about the ongoing pool/spa lift issue. Skyler told Plaintiff that the "batteries [from the pool and spa lifts] are removed for security reasons." He also claimed that he was unaware that both lifts are inoperable. Skyler advised Plaintiff that he would follow up with him. Skyler called Plaintiff back that evening and told him that the lift batteries were on back order, have been months, and that he had no idea when the batteries would arrive. Plaintiff told Skyler that Marriott Burbank is required to provide equal access. Skyler said that Marriott Burbank need not provide equal access to persons with disabilities.  The conversation was unpleasant and condescending and Skyler did not show interest in resolving the ongoing access issues.

23.     Plaintiff's next stay at Marriott Burbank occurred on May 18-19, 2023. He encountered the same barriers that he encountered during the May 1-2, 2023 and the May 10-11, 2023 stay.

24.     Plaintiff returned for another stay on June 1-2, 2023. The EV parking continued to be inaccessible for the same reasons as before. The check-in counter was also still inaccessible. The pool across from the restaurant still did not have a lift. Plaintiff went to the other pool and once again encountered the very heavy

entrance/exit door. Upon reaching the second pool, Plaintiff noticed that the pool and spa lift now had batteries. But the lifts were both still inoperable as the batteries were dead. Plaintiff left again without the ability to use the pool or spa.

25.     Before filing this lawsuit, Plaintiffs' legal representative did an informal investigation of the Marriott Burbank. While he could not make detailed measurements, he determined that the facility was also inaccessible in multiple other ways, including, but not limited to, these barriers related to Plaintiff's disabilities: (1) Designated accessible parking behind the convention center is faded; (2) parking access aisles behind convention center are faded; (3) and path of travel from designated accessible parking behind the convention center is hazardous due to excessive cracks in the asphalt and excessive slope (4).

26.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

27.     Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

28.     Defendants knew, or should have known, that these elements and policies rendered Marriott Burbank inaccessible, violate state and federal law, and interfere with or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make Marriott Burbank accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal

access to Marriott Burbank.

29.     As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of his civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, under federal and state law.

30.     Plaintiff's goal in this suit is a positive one: to make Marriott Burbank fully accessible to persons with similar mobility disabilities.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 et seq.]

31.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

32.     Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

33.     Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

34.     The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

35.     The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.* For example, Section 242.2 of the 2010 ADA Standards for Accessible Designs provides "242.2 Swimming Pools. At least two accessible means of entry shall be provided for swimming pools. Accessible means of entry shall be swimming pool lifts complying with 1009.2; sloped entries complying with 1009.3 . . . 242.4 Spas. At least one accessible means of entry shall be provided for spas. Accessible means of entry shall comply with swimming pool lifts complying with 1009.2." Defendants have violated this regulation.

36.     Plaintiff alleges on information and belief that Marriott Burbank was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) the Marriott Burbank in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

37.      The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

38.     As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

39.     Plaintiff alleges on information and belief that Marriott Burbank was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

40.     Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Marriott Burbank to individuals with disabilities; (c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Marriott Burbank available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to Marriott Burbank and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to enter and exit Marriott Burbank (including having accessible EV parking, accessible check-in counter, and accessible doors) with ease and to use the swimming pool and spa is a fundamental necessity. Without this ability, Plaintiff is unable to avail himself of the goods and services offered at Marriott Burbank on a full and equal basis. Therefore, the benefits of creating access, including, but not limited to, providing access including to the swimming pool and spa, does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14

1   identified by the Department of Justice as presumably readily achievable to
2   remove, and, in fact, these barriers are readily achievable to remove.
3   41.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies
4   and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C.
5   2000(a)-3(a), as he is being subjected to discrimination based on disability in
6   violation of the ADA or has reasonable grounds for believing that he is about to be
7   subjected to discrimination.
8   42.     Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights
9   Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted
10          WHEREFORE, Plaintiff requests relief as outlined below.
11
12                              **SECOND CLAIM:**
13              **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
14                      **[Cal. Civil Code §§ 51 et seq.]**
15   43.     Plaintiff repleads and incorporates by reference, as if fully set forth again
16   here, the allegations contained in all paragraphs of this Complaint and incorporates
17   them here by reference as if separately repled hereafter.
18   44.     Marriott Burbank is a business establishment within the meaning of the
19   Unruh Act.
20   45.     Defendants are the owner and/or operators of a business establishment.
21   46.     Defendants violated the Unruh Act by their acts and omissions:
22              a.  Failure to construct or alter Marriott Burbank in compliance with state
23                  building code and state architectural requirements;
24              b.  Failure to remove known barriers to access at Marriott Burbank ;
25              c.  Failure to modify policies and procedures as necessary to ensure
26                  Plaintiff full and equal access to the accommodations, advantages,
27                  facilities, privileges, or services of Marriott Burbank ; and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
15

     d.  Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

47.    Plaintiff has experienced barriers to access at Marriott Burbank , all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

48.    On information and belief, Marriott Burbank is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

49.    These barriers to access render Marriott Burbank and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

50.    Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

51.    As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Marriott Burbank. Defendants' discriminatory practices and policies that deny full enjoyment of Marriott Burbank to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

16

similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

52.     On information and belief, the access features of Marriott Burbank have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

53.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

54.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

55.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

56.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

57.     On information and belief, portions of Marriott Burbank and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Marriott Burbank  and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Marriott Burbank to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

58.     Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Marriott Burbank and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

59.     On information and belief, at the time of the construction and modification

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

18

of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

60.    Marriott Burbank is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

61.    As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**FOURTH CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

62.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

63.    Marriott Burbank is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

64.    The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

65.    The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to

accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

66.    The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

67.    Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF:**

1.    Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.    Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at Marriott Burbank to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Marriott Burbank in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.    Plaintiff requests that the Court issue an order enjoining Defendants, their

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

20

15

agents, officials, employees, and all persons and entities acting in concert with them:[1]

    a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.  To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at Marriott Burbank;

    c.  To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Marriott Burbank;

    d.  To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e.  To maintain such accessible facilities once they are provided;

    f.  To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Marriott Burbank; and

    g.  To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Marriott Burbank.

4.    Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5.    Plaintiff requests all appropriate damages, including, but not limited to,

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.    Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7.    Plaintiff requests prejudgment interest under California Civil Code § 3291;

8.    Plaintiff requests interest on monetary awards as permitted by law; and

9.    Plaintiff requests any other relief that this Court may deem just and proper.

Date: June 9, 2023                          REIN & CLEFTON
                                            ALLACCESS LAW GROUP


                                            ___/s/ Irakli Karbelashvili___
                                            By IRAKLI KARBELASHVILI, Esq.
                                            Attorney for Plaintiff
                                            JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: June 9, 2023

REIN & CLEFTON
ALLACCESS LAW GROUP


_____/s/ Irakli Karbelashvili_____
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
23